OPINION
{¶ 1} Defendant-appellant Donald L. Abbuhl, III appeals his conviction and sentence in the New Philadelphia Municipal Court on one count of driving under the influence of alcohol, in violation of R.C. § 4511.19(A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 6, 2000, at approximately 3:00 a.m., the Dover Police Department received a telephone call informing them that a dark colored Dodge truck had attempted to run over someone near a residence on East Avenue. (Suppression Hearing T. at 8).
 {¶ 3} Patrolman James Stucin responded to said call and as he was headed toward the scene he saw a vehicle that matched the description driving away from the area. Id.
 {¶ 4} Patrolman Stucin followed said vehicle on East Avenue, ran the license plate and eventually stopped the vehicle. Id. at 9-12.
 {¶ 5} Patrolman Stucin testified that he did not activate his lights to pull over Appellant until he was past Black Snake Hill Road, which is approximately a quarter of a mile outside of the City of Dover. Id. at 12.
 {¶ 6} As a result of said stop, Appellant was arrested and charged with Driving Under the Influence in violation of R.C. § 4511.19(A)(1) and (A)(3) and Underage Consumption, in violation of R.C. § 4301.632.
 {¶ 7} On August 11, 2000, appellant pled not guilty to the charges.
 {¶ 8} On October 19, 2000, appellant filed a motion to suppress which asserted the stop of his vehicle was illegal because it occurred outside the officer's jurisdiction.
 {¶ 9} On November 21, 2000, an oral hearing was held before the Magistrate on the Motion to Suppress.
 {¶ 10} On December 19, 2000, the Magistrate overruled appellant's motion.
 {¶ 11} On December 29, 2000, Appellant filed an objection to the Magistrate's decision.
 {¶ 12} On July 11, 2001, a hearing was held on the objection.
 {¶ 13} On August 31, 2001, the trial court overruled the objection and the motion to suppress.
 {¶ 14} On December 19, 2001, Appellant entered a plea of No Contest to the charge of Driving Under the Influence, in violation of R.C. § 4511.19(A)(3). The remaining charges were dismissed.
 {¶ 15} It is from this judgment entry appellant prosecutes this appeal, raising the following sole assignment of error:
 ASSIGNMENT OF ERROR I. {¶ 16} "The trial court erred and prejudiced the appellant in failing to suppress all evidence obtained following his August 6, 2000 arrest for driving under the influence of alcohol for the reason that the arrest was contrary to Revised Code 2935.03 and in violation of his 4th
and 14th amendment to the United States Constitution."
 I. {¶ 17} In his sole assignment of error, appellant asserts the trial court erred by not granting his motion to suppress and not dismissing the charges against him. Patrolman Stucin arrested him outside of the limits of the City of Dover. Appellant contends Patrolman Stucin, as a police officer employed by the City of Dover, had no jurisdiction to arrest appellant for an offense committed outside the City's borders.
 {¶ 18} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, Statev. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, andState v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 19} Appellant specifically argues that pursuant to R.C. §2935.03, Patrolman Stucin was without authority to stop him because he was outside of his jurisdiction, that being the City of Dover, when he effectuated the stop and resulting arrest, and therefore the exclusionary rule would require the suppression and dismissal of the resulting arrest.
 {¶ 20} Appellee argues that R.C. § 2935.03 does not apply to the case sub judice because Appellant was not ultimately charged or arrested for the felony of violence for which Patrolman Stucin was pursuing him. We find this argument to be without merit.
 {¶ 21} R.C. § 2935.03, which sets forth the circumstances under which an officer may arrest and detain an individual without a warrant, provides, in part:
 {¶ 22} "R.C. § 2935.03 Arrest and detention until warrant can be obtained
 {¶ 23} "(A)(1) A sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer, township constable, police officer of a township or joint township police district, member of a police force employed by a metropolitan housing authority under division (D) of section 3735.31 of the Revised Code . . . shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision . . . in which the peace officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township.
 {¶ 24} "(2) * * *
 {¶ 25} "(3) * * *.
 {¶ 26} "(B)(1) When there is reasonable ground to believe that an offense of violence . . . has been committed within the limits of the political subdivision . . . in which the peace officer is appointed, employed, or elected or within the limits of the territorial jurisdiction of the peace officer, a peace officer described in division (A) of this section may arrest and detain until a warrant can be obtained any person who the peace officer has reasonable cause to believe is guilty of the violation.
 {¶ 27} "(2) For purposes of division (B)(1) of this section, the execution of any of the following constitutes reasonable ground to believe that the offense alleged in the statement was committed and reasonable cause to believe that the person alleged in the statement to have committed the offense is guilty of the violation:
 {¶ 28} "(a) A written statement by a person alleging that an alleged offender has committed the offense of menacing by stalking or aggravated trespass;
 {¶ 29} "(b) A written statement . . .
 {¶ 30} "* * *
 {¶ 31} "(D) If a sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer . . . is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision, . . . in which the officer is appointed, employed, or elected or within the limits of the territorial jurisdiction of the peace officer, a person until a warrant can be obtained, the peace officer, outside the limits of that territory, may pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 {¶ 32} "(1) The pursuit takes place without unreasonable delay after the offense is committed;
 {¶ 33} "(2) The pursuit is initiated within the limits of the political subdivision, metropolitan housing authority housing project, regional transit authority facilities or those areas of a municipal corporation that have been agreed to by a regional transit authority and a municipal corporation located within its territorial jurisdiction, port authority, college, or university in which the peace officer is appointed, employed, or elected or within the limits of the territorial jurisdiction of the peace officer;(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 of the Revised Code.
 {¶ 34} "(E) In addition to the authority granted under division (A) or (B) of this section:
 {¶ 35} "(1) A sheriff or deputy sheriff may arrest and detain, until a warrant can be obtained, any person found violating section4503.11, 4503.21, or 4549.01, sections 4549.08 to 4549.12, section 4549.62, or Chapter 4511. or 4513. of the Revised Code on the portion of any street or highway that is located immediately adjacent to the boundaries of the county in which the sheriff or deputy sheriff is elected or appointed.
 {¶ 36} "(2) * * *."
 {¶ 37} While R.C. § 2935.03(B)(2)(a) provides that a written statement alone gives an officer reasonable cause to arrest for Menacing by Stalking, we previously held in State v. Yerian (June 6, 1998), Holmes App. CA-574, that the statute does not make this the exclusive method for determining reasonable cause. Pursuant to R.C. § 2935.03(B)(1), an officer may still make a warrantless arrest for Menacing by Stalking if he possesses reasonable cause under the standard legal definition of the phrase.
 {¶ 38} In the case sub judice, Patrolman Stucin followed and stopped Appellant based solely on the telephone call received. He did not observe Appellant violating any law or ordinance, nor was he in "fresh" or "hot" pursuit, which would allow him to arrest and detain Appellant without a warrant under subsections (A), (D) or (E) of R.C. § 2935.03.
 {¶ 39} In order to have "reasonable ground to believe that the offense alleged in the statement was committed", Patrolman Stucin was required to have either "reasonable cause" or a written statement by the person alleging that the offense had been committed pursuant to R.C. § 2935.03(B). Not only did not Patrolman Stucin not have a written statement, he had never even met the complainant.
 {¶ 40} Based on the above, we find that Patrolman Stucin did not have reasonable, articulable suspicion to stop Appellant. Having found the investigatory stop of Appellant to have been without cause, we find the resulting evidence and arrest must be suppressed pursuant to the exclusionary rule.
 {¶ 41} Appellant's sole assignment of error is sustained.
 {¶ 42} The judgment of the New Philadelphia Municipal Court is reversed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: Suppression of Evidence.